411 S.E.2d 696

**Susan Carolyn PYLE, Petitioner,**

v.

**Hon. A.L. SOMMERVILLE, Circuit Judge of Webster County, Battle Ridge Coal Co., and Michael Stevenson Pyle, Respondents.**

**No. 20418.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 2, 1991.

Decided Nov. 20, 1991.

A. Yes.

David B. McMahon, West Virginia Legal Services Plan, Charleston, for petitioner.

Jack Alsop, Webster Springs, for respondent, Michael Stevenson Pyle.

NEELY, Justice.

This action arises out of litigation between Susan Pyle and Michael Pyle over child support payments. Since their separation, Mr. Pyle has failed to make regular payments to Mrs. Pyle and to United National Bank Central, the lienholder on Mrs. Pyle's vehicle and mortgagee of Mrs. Pyle's home. Mrs. Pyle has attempted to institute income withholding and suggestee execution, but has been enjoined from doing so by the circuit court; meanwhile the circuit court is applying other approaches in an effort to avoid foreclosure of the mortgage. Mrs. Pyle requests that this Court issue a writ of prohibition against the circuit court's injunction. We grant the writ.

## I.

Susan Pyle lives in Webster Springs where she holds a part-time job at the local hospital while also trying to raise two children from her former marriage to Michael Pyle. As part of the child custody arrangement between the Pyles, Mr. Pyle is required to pay $428.54 per month to United National Bank Central as loan payments on a mini-van used by Mrs. Pyle and on the former marital home. Mr. Pyle is also required to pay $215 in cash per month to Mrs. Pyle. Since the parties' separation, Mrs. Pyle has asked the Child Advocate Office for help in obtaining regular support payments on several occasions. After the Legislature enacted the most recent amendments to our child support statutes, *W.Va.Code*, 48–2–15b [1991], the Child Advocate Office initiated income withholding against Mr. Pyle. The Child Advocate Office requested that the Battle Ridge Coal Company withhold the $643.54 per month that Mr. Pyle owes as current child support and 10 percent of his remaining disposable income to cover $2,079.37 that he owes in back child support.

On 5 July 1991 the circuit court held a hearing on these issues as well as the threatened repossession of the mini-van and foreclosure of the house loan. On his own motion, the judge stayed the income withholding for 90 days. He also ordered

Mr. Pyle to make suitable arrangements with the bank for loan payments. The bank then agreed not to repossess the car or foreclose on the house for 90 days *if* Mr. Pyle made the payments. Mr. Pyle has not made the payments; the bank has repossessed the mini-van; and, the bank is foreclosing on the house.

## II.

*W.Va.Code,* 48–2–15b [1991], provides for automatic income withholding of child support payments without further court action:

(1) When the child for whom support is ordered is included in a grant of assistance from the division of human resources or a similar agency for aid to families with dependent children bene-

fits, medical assistance only benefits, or foster care benefits;

(2) When the support obligee has applied for services from the child advocate office or the support enforcement agency of another state or is otherwise receiving services from the child advocate office provided for in *W.Va.Code,* 48A–1–1 *et seq.;*

(3) When the obligor is at least one month behind in support payments;

(4) When the obligor requests the child advocate office to commence income withholding; or

(5) When the obligee requests that such withholding begin, if the request is approved by the court in accordance with procedures and standards established by rules and regulations promulgated by the director of the child advocate office.[1]

---

1. *W.Va.Code,* 48–2–15b [1991], provides for automatic income withholding of child support payments without further court action:

(a) On and after the first day of November, one thousand nine hundred ninety, every order entered or modified under the provisions of this article which requires the payment of child support or spousal support shall include a provision for automatic withholding from income of the obligor, in order to facilitate income withholding as a means of collecting support.

(b) Every such order as described in subsection (a) of this section shall contain language authorizing income withholding to commence without further court action, as follows:

(1) The order shall provide that income withholding will begin immediately, without regard to whether there is an arrearage: (A) When a child for whom support is ordered is included or becomes included in a grant of assistance from the Division of Human Services or a similar agency of a sister-state for aid to families with dependent children benefits, medical assistance only benefits, or foster care benefits; or (B) when the support obligee has applied for services from the child advocate office or the support enforcement agency of another state or is otherwise receiving services from the child advocate office as provided for in chapter forty-eight-a [§ 48A–1–1 *et seq.*] of this *Code.* In any case where one of the parties demonstrates, and the court finds, there is good cause not to require immediate income withholding, or in any case where there is filed with the Court a written agreement between the parties which provides for an alternative arrangement, such order shall not provide for income withholding to begin immediately.

(2) The order shall also provide that income withholding will begin immediately upon the occurrence of any of the following:

(A) When the payments which the obligor has failed to make under the order are at least equal to the support payable for one month, if the order requires support to be paid in monthly installments;

(B) When the payments which the obligor has failed to make under the order are at least equal to the support payable for four weeks, if the order requires the support to be paid in weekly or biweekly installments;

(C) When the obligor requests the child advocate office to commence income withholding; or

(D) When the obligee requests that such withholding begin, if the request is approved by the Court in accordance with procedures and standards established by rules and regulations promulgated by the director of the child advocate office.

(c) For the purposes of this section, the number of days support payments are in arrears shall be considered to be the total cumulative number of days during which payments required by a court order have been delinquent, whether or not such days are consecutive.

(d) The supreme court of appeals shall make available to the circuit courts standard language to be included in all such orders, so as to conform such orders to the applicable requirements of state and federal law regarding the withholding from income of amounts payable as support.

(e) Every support order entered by a circuit court of this state prior tot he first day of November, one thousand nine hundred ninety, shall be considered to provide for an order of income withholding, by operation of law,

Upon a finding of good cause, the court may issue an order staying withholding under the first two provisions. In no case may the judge stay withholding properly begun under the other three provisions.

This statute incorporated its provisions retroactively into all West Virginia support orders, including the one between Mr. and Mrs. Pyle. The mechanisms of the statute, then, are available to Mrs. Pyle. Under the terms of subsections (b)(1) and (b)(2) of *W.Va.Code*, 48–2–15b [1991], Mrs. Pyle is entitled to immediate income withholding.

### III.

For the foregoing reasons, a writ of prohibition is hereby granted, and Mrs. Pyle and the Child Advocate Office may proceed immediately with the income withholding procedures provided in the statute.

Writ granted.

which complies with the provisions of this section, notwithstanding the fact that such support order does not in fact provide for such order of withholding.